IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JEFFERY JAMES JACKSON | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 2:05-CV-436-F |
| | WO |
| GUY NAQUIN, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Jeffrey Jackson, a county inmate, challenges actions taken by law enforcement officers in initiating criminal charges against him and processing the cases arising from such charges. Specifically, Jackson contends that Defendants, Detective Guy Naquin and Lieutenant Huey Thornton, slandered his name and fabricated various criminal charges against him. Plaintiff seeks declaratory and injunctive relief.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

*1. The Reputation Claim*

Plaintiff contends that Defendants defamed him by making false accusations against him. Jackson's claim of defamation (libel and slander) and/or injury to his reputation, however, may not proceed further. An alleged act of defamation of character or injury to reputation is not cognizable in a complaint filed under § 1983. *Paul v. Davis,* 424 U.S. 693, 710-12 (1976); *see also Von Stein v. Brescher*, 904 F.2d 572, 583 (11th Cir. 1990). Plaintiff's defamation claim is, therefore, subject to dismissal as frivolous as it is "based on an indisputably meritless legal theory." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

*2. The False Charges/Perjury Claim*

Plaintiff complains that Defendant Naquin fabricated criminal charges against him for first degree robbery and murder. The court construes this portion of the complaint as asserting a claim that Defendant Naquin committed perjury in filing criminal charges against Plaintiff. This claim provides no basis for relief.

The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a claim against a police officer or other individual for committing perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325 (1983). "[I]n litigation brought under 42 U.S.C. § 1983 . . ., all witnesses - police officers as well as lay witnesses - are absolutely immune from civil liability based on their testimony in judicial proceedings. [*Briscoe v.*

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

*LaHue,*] 663 F.2d 713 ([7th Cir.] 1981)." *Id.* at 328. The Court further implied that the false testimony of a police officer in and of itself does not violate an accused's constitutional rights. *Id*. at 327, n. 1. Thus, Plaintiff's perjury claim is without legal basis and, as such, is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

*3. The False Imprisonment Claim*

To the extent Plaintiff's complaint may be construed as containing an allegation that he is falsely imprisoned on criminal charges pending before the Circuit Court of Montgomery County, Alabama, because he is innocent of the charges lodged against him, such a claim may not proceed in this § 1983 action.

It appears from a review of the instant complaint that the criminal charges about which Plaintiff complains are presently pending before the state courts of Montgomery County. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not

alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck [v. Humphrey*, 512 U.S. 477 (1994)] prohibits.");

In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's defamation and perjury claims be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's false imprisonment claim be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be dismissed prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before June 6, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th day of May, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE